BRIDGET HARNEY *vs.* JOSEPH P. SHAW.

Suffolk. March 11. — 22, 1886. W. ALLEN & HOLMES, JJ., absent.

In an action for personal injuries occasioned by the plaintiff's being struck by a board blown from a building in process of construction, the issue was whether the defendant had control of the work, or whether it was being done by a third person under a contract with the defendant. The defendant testified to the existence of the contract by which the work was to be done for a certain price, the contractor furnishing no materials ; and, on cross-examination, testified that the price was a reasonable one, and that builders sometimes estimated the cost of doing such work by ascertaining the amount of materials to be used. *Held,* that the plaintiff was not entitled, in rebuttal, to show by experts what amount of materials would necessarily be used in doing such work, and that the price named in the contract was much below a fair price for the work.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, in substance as follows :

On March 4, 1882, the date of the plaintiff's injury, and for some time before, the plaintiff, with her family, occupied a tenement in a dwelling-house on Boylston Avenue, in the city of Boston.

The defendant, a carpenter and builder, prior to said injury, contracted with one Kelly to erect on the land of Kelly, on said avenue, adjoining the premises occupied by the plaintiff, a two and a half story frame dwelling-house. A house was erected, according to the terms of said contract, during the winter and spring of 1882. This new house extended from Boylston Avenue, by the side of the house occupied by the plaintiff, ten or twelve feet from it, and for some distance by the side of the yard at the rear of, and belonging to, the house occupied by the plaintiff. On said March 4, the new house was boarded in, and the roof was partially shingled. There were three stagings on the roof nearest to the plaintiff's residence, made by placing boards on brackets, which brackets had been nailed to the roof, but the boards had not been fastened to the brackets or the roof.

There was evidence tending to show that, while the plaintiff was engaged, on a windy day, in hanging out clothes in the yard at the rear of the house occupied by her, she was struck

and injured by a board which fell or was blown from one of the stagings aforesaid. The evidence upon this point was conflicting.

The defendant contended, and offered evidence tending to show that, prior to the injury complained of, he had made an oral contract with one Albert G. Goodwin, whereby he subcontracted to Goodwin the work of framing, raising, boarding, shingling and clapboarding the house, and putting on the outside finish for $135, but Goodwin was to furnish no materials. The question whether or not such a sub-contract was made was one of the issues to the jury, and the evidence upon that question was conflicting.

The defendant offered no evidence tending to show that $135 was or was not a fair consideration for the doing of the work claimed to have been undertaken by Goodwin; but, on cross-examination, he testified that that price was a reasonable one, and also testified that builders and carpenters sometimes estimated the cost of doing the work alleged to have been undertaken by Goodwin, by ascertaining the amount of stock and materials to be used.

The plaintiff, for the purpose of contradicting the defendant and his witnesses as to the existence of such sub-contract, and for the purpose of showing that there was no such sub-contract, offered to show, by the testimony of experienced builders, what amount of lumber would necessarily be used in doing the work Goodwin was to do under this sub-contract, and that the price named in the sub-contract was much below a fair price for that work. The judge excluded this evidence.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Cotter*, for the plaintiff, cited *Bradbury* v. *Dwight*, 3 Met. 31; *Upton* v. *Winchester*, 106 Mass. 330; *Brewer* v. *Housatonic Railroad*, 107 Mass. 277; *Norris* v. *Spofford*, 127 Mass. 85.

*C. G. Keyes*, for the defendant.

C. ALLEN, J. We do not understand from the bill of exceptions that the plaintiff offered direct testimony of experienced builders, acquainted with the work embraced in the alleged sub-contract, to show that the price named was much below a fair price for that work. Their opinion of value was to be based on

an estimate of the necessary amount of lumber, which itself, so far as we can see, was an uncertain element. This was too remote. The case does not fall within the principle of the decisions cited for the plaintiff.                    *Exceptions overruled.*